United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. BERTITA TRABERT GRAEBNER,
individually and as Trustee of the El Nora L.
Trabert Irrevocable Trust; TALLIE R. TRABERT,
individually and as Trustee of the El Nora L.
Trabert Irrevocable Trust;
T. VERNON TRABERT, individually and as
Trustee of the El Nora L. Trabert Irrevocable
Trust,

        Plaintiffs,

  v.

MICHAEL E. JAMES, an individual; MNM
PROPERTIES, LLC, a foreign Limited Liability
Company, WM. PAGE & ASSOCIATES, INC., a
foreign corporation; WILLIAM SCOTT PAGE, an
individual, and DOES 1-50, inclusive,

        Defendants.
                                              /

No. C 12-01694 WHA

**ORDER DENYING
DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS'
COMPLAINT FOR
IMPROPER FORUM
OR TO TRANSFER**

        Plaintiffs are the adult children of an elderly mother whose family lawyer talked them into investing the family trust in something called "viatical life insurance contracts," which are devices whereby the owner of a life insurance policy sells his or her expectancy in an eventual death benefit in order to raise cash to pay for immediate needs such as medical treatment. The purchaser pays money up front and eventually gets the death benefit if the policy is kept in force. It is somewhat like those store fronts that lend money based on the next paycheck. (The contracts at issue herein were not on the life of plaintiffs' own mother but involved other insureds.)

To purchase the investments, the family lawyer made arrangements with a broker in Fort Lauderdale, Florida who wound up selling them viatical contracts. Plaintiffs paid several hundred thousand dollars to the broker. Paperwork came back indicating that the family trust and/or family limited partnership was the new owner of the benefits.

Trouble was, the people whose lives were insured wound up living longer than expected so plaintiffs had to start paying yet more money into the investment for premiums in order to keep the insurance contracts in place. When they originally bought the rights, the lawyer and the broker gave life expectancy estimates that have proven to be incorrect. The excuse later given was that the AIDS-stricken insureds, who had been expected to die sooner, were now living longer due to miracle drugs. Also, the lawyer, it turned out, got a secret commission from the broker for steering his clients to one broker. All of the above is based on the allegations of the complaint and may or may not be true.

One might ask why anyone, including plaintiffs, would seek to profit from the misfortune of AIDS victims and others in desperate need of cash only to complain later when they did not die on schedule. That, however, is an issue for later. For now, the issue is whether to transfer this case to Florida based on a Florida forum-selection clause in the agreements between plaintiffs and the broker.

The agreements were signed by plaintiffs but not signed by the broker (Exhs. 2, 5). Such one-way agreement may be illusory since only one side is arguably bound. Also, the lawyer, a defendant herein, signed the agreement containing the forum-selection clause only in his capacity as a representative of the broker, not in his capacity as counsel for plaintiffs. The broker has since fled from Florida under apparent threat of a fraud investigation by Florida authorities.

For the time being, defendants' motion to dismiss or, in the alternative, to transfer is **DENIED** without prejudice to renewing it after a fair opportunity by both sides for discovery into

2

the merits of the case and the circumstances of these contracts and the forum-selection clause. If the case is eventually transferred to Florida, then the discovery would be much further along.

**IT IS SO ORDERED.**

Dated: June 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE