United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. BERTITA TRABERT GRAEBNER, individually
and as Trustee of the El Nora L. Trabert Irrevocable
Trust; TALLIE R. TRABERT, individually and as
Trustee of the El Nora L. Trabert Irrevocable Trust;
T. VERNON TRABERT, individually and as
Trustee of the El Nora L. Trabert Irrevocable Trust,

    Plaintiffs,

  v.

MICHAEL E. JAMES, an individual; MNM
PROPERTIES, LLC, a foreign limited liability
company, WM. PAGE & ASSOCIATES, INC.,
a foreign corporation; WILLIAM SCOTT PAGE,
an individual, and Does 1-50, inclusive,

    Defendants.

No. C 12-01694 WHA

**ORDER GRANTING
IN PART AND DENYING
IN PART DEFENDANTS'
MOTION TO DISMISS
AND VACATING
HEARING**

## INTRODUCTION

In this investment fraud dispute, defendants move to dismiss pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing scheduled for December 20, 2012, is **VACATED**.

## STATEMENT

Plaintiffs are the adult children and co-trustees of a family trust. Plaintiffs' lawyer, defendant Michael James, talked them into investing the proceeds from their mother's life insurance policies into "viatical life insurance contracts," which are devices whereby the owner

of a life insurance policy sells his or her expectancy in an eventual death benefit in order to raise cash to pay for immediate needs such as medical treatment. Attorney James made arrangements with defendant broker Wm. Page & Associates, Inc., doing business as The Lifeline, who sold plaintiffs three viatical contracts. Plaintiffs received the death benefits from one of the viatical contracts. Plaintiffs have yet to receive the death benefits from the other two contracts as the viators have lived longer than expected due to great improvements in AIDS medication. As a result, plaintiffs have had to pay premiums to keep at least one of the viatical contracts in force (First Amd. Compl. ¶¶ 20, 25, 28, 57).

Plaintiffs allege that Lifeline and Attorney James made numerous misrepresentations regarding the viatical contracts. The gravamen of the allegations are that defendants misrepresented the risks of the viatical contracts and provided inaccurate life expectancy estimates. Plaintiffs also allege that Attorney James is an agent and representative of Lifeline and that James received a secret commission for the transactions. Plaintiffs seek to hold Lifeline liable for Attorney James' alleged misrepresentations in selling the viatical contracts (First Amd. Compl. ¶¶ 40–43).

Plaintiffs allege the following claims: (1) breach of fiduciary duty, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) false promise and (5) fraud by omission. Defendants now move to dismiss for failure to state a claim and assert that the statute of limitations bars all claims.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). A complaint, on its face, needs to be plausible, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2

1  not do. Factual allegations must be enough to raise a right to relief above the speculative level."
2  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

### 1. OBJECTION TO DEFENDANTS' UNTIMELY REPLY BRIEF.

Plaintiffs move to strike defendants' reply brief for untimeliness. Pursuant to Local Rule 7-3(c) the reply to an opposition must be filed seven days after the opposition was due. Plaintiffs' opposition was due on November 5. Defendants' reply brief was therefore due on November 12. Defendants did not file its reply brief until November 22, ten days late. Defendants also did not provide an explanation for its failure to comply with the Local Rules. Accordingly, defendants' reply brief is **STRICKEN**.

### 2. CONSIDERATION OF THE PURCHASE AGREEMENTS.

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the [Rule] 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Our court of appeals has held, however, that a court may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. A document not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ibid*.

The parties executed three purchase agreements for the sale of three viatical insurance contracts. Two of the viatical insurance contracts are at issue in this action. Defendants request that the purchase agreements be consider in the motion to dismiss. This is problematic for two reasons. *First*, plaintiffs do not refer to these contracts in their complaint. In fact, defendants admit that the contracts are only indirectly referenced through the purchase of the life insurance policies (Br. 14). Also, plaintiffs do not rely on the contracts to form the basis for their fraud claims. Their claims are premised on misrepresentations made by Attorney James who was both their lawyer and a representative of Lifeline.

3

*Second*, even if the purchase agreements were considered under the rule of incorporation, the purchase agreements are of little value at this stage in the litigation. As plaintiffs correctly point out, and as previously recognized by an earlier order (Dkt. No. 16), the contracts may not be valid because Lifeline did not sign them. Also, it is unclear whether plaintiffs knew what they were agreeing to because plaintiffs may have relied on their lawyer James, who was on both sides of the transaction. The potential invalidity of these contracts significantly calls into question their probative value and use at this stage of the litigation. Accordingly, this order does not consider the purchase agreements.

### 3. FAILURE TO STATE A CLAIM.

#### A. Breach of Fiduciary Duty.

The elements for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1534 (2006).

Plaintiffs allege that James was a fiduciary through his roles as an attorney and financial advisor. Plaintiffs also allege that Attorney James was "an authorized representative and agent of . . . [Lifeline]. Consequently . . . [Lifeline] is liable, to the same extent as . . . [James, for James'] breaches of fiduciary duty alleged herein" (First Amd. Compl. ¶ 40).

With regard to Attorney James, plaintiffs have properly alleged that James breached fiduciary duties by being on both sides of the transactions and fraudulently misrepresenting the risks of the transactions. This in turn is alleged to have caused damages when the policies did not pay out as expected. Accordingly, plaintiffs have stated a proper claim for breach of fiduciary duty as to Attorney James.

With regard to Lifeline, plaintiffs have properly pled that Attorney James is an agent and representative for Lifeline. Attorney James signed the contracts as a representative and is alleged to have received a secret commission from Lifeline (Dkt. No. 16 at 2). These facts are sufficient to support the allegation that a principal-agent relationship existed among Attorney James and Lifeline.

Plaintiffs, however, have not pled a plausible claim that Attorney James was acting within the scope of the agency relationship to create liability for an alleged breach of fiduciary duty. Plaintiffs have not pled facts that support an inference that James' roles as an attorney and financial advisor to plaintiffs was within the scope of the agency relationship. Accordingly, plaintiffs have not stated a plausible claim for agency liability as to Lifeline for breach of fiduciary duty. As a result, this claim as to Lifeline is **DISMISSED**.

### B. Fraud Claims.

Plaintiffs allege the following claims for fraud: intentional misrepresentation, negligent misrepresentation, false promise, and fraud by omission. The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Co., Inc.*, 34 Cal. 4th 979, 990 (2004).

Additionally, Rule 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

#### *(i) Intentional and Negligent Misrepresentation Claims.*

Defendants contend that plaintiffs have not met the heightened pleading standard of Rule 9(b). This order disagrees. Plaintiffs allege that on or about 2002, Attorney James "represented to the plaintiffs that the only risk that they would incur, if they purchased the viatical contracts . . . was that their annual rate of return might be reduced if the viators lived past their projected demise dates, which . . . was very unlikely." Attorney James further represented that this risk was extremely remote because the estimates regarding viators' life expectancies were highly reliable. Plaintiffs also allege that the misrepresentations by

5

1 Attorney James were made at in-person meetings held in Chicago (First Amd. Compl. ¶¶ 76, 81).
2 Plaintiffs' have met the heightened pleading standard for this claim.

3 Lifeline argues that the only allegations against it involves a brochure that (1) plaintiffs
4 allege only to have received and not to have read and (2) the representations in the brochure
5 are contradicted by the merger clause in the purchase agreements. Lifeline also argues that all
6 representations made by Attorney James, the purported agent of Lifeline, are rebutted by and
7 inconsistent with the purchase agreements.

8 While defendants are correct that plaintiffs' receipt of the brochure is insufficient by
9 itself to create liability, plaintiffs have alleged various misrepresentations by James who was
10 both their lawyer and Lifeline's agent. It is plausible that if Attorney James was a representative
11 of Lifeline and was paid a commission to sell Lifeline's services, then misrepresentations made
12 by James to close the deal were made within the scope of the agency relationship and actionable
13 against Lifeline. Furthermore, as stated previously, defendants' reliance on potentially invalid
14 contracts will not carry the day at the pleading stage. Thus this argument fails.

15 Defendants also argue that plaintiffs have not properly alleged damages because the
16 policies have not yet lapsed. Not so. Plaintiffs have had their money tied up for years in
17 these investments, causing them to forego interest in other investments and causing them
18 to pay premiums to keep at least one policy in force. Thus plaintiffs have properly alleged
19 damages.

20 Accordingly, plaintiffs have stated a proper claim for misrepresentation against
21 Attorney James and Lifeline through an agency relationship. As a result, defendants' motion
22 to dismiss the intentional and negligent misrepresentation claims is **DENIED**.

### *(ii)* *False Promise.*

24 A claim for false promise requires that "the promisor did not intend to perform at the
25 time he or she made the promise and that it was intended to deceive or induce the promisee to
26 do or not do a particular thing." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th
27 153, 159 (1991). Plaintiffs' claim for false promise is that defendants misrepresented the risks of
28 the viatical contracts and their profitability (First Amd. Compl. ¶¶ 105–06). These are not false

6

promises, but instead are alleged false representations. Plaintiffs' false promise claim is clearly duplicative and thus there is no need to re-plead. Accordingly, this claim is **DISMISSED WITH PREJUDICE.**

### *(iii) Fraud by Omission.*

"There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997). Additionally, a fraud by omission claim is not required to meet the heightened pleading standard under Rule 9(b). *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (Alsup, J.).

Plaintiffs allege that defendants had exclusive knowledge of material facts and that defendants made partial representations and suppressed and concealed some material facts (First Amd. ¶¶ 121–22). Defendants contend that none of the alleged omissions were material matters or alternatively, that the purchase agreements made the necessary disclosures. Plaintiffs allege that defendants failed to disclose the true risks of investing in the viatical insurance policies and failed to disclose the inaccuracies of the life expectancy projections. This is sufficient to state a plausible claim for fraud by omission. The materiality of the omissions are a question of fact. Moreover, as previously discussed, defendants cannot shield themselves with the potentially invalid purchase agreements. Accordingly, defendants' motion to dismiss this claim is **DENIED**.

### 4. STATUTES OF LIMITATIONS.

#### A. Time Period.

In California the statute of limitations is three years for a fraud or intentional misrepresentation claim and two years for a negligent misrepresentation claim. *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1155 (2004).

7

The parties disagree as to the statute of limitations for breach of fiduciary duty. "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, *i.e.*, the gravamen of the cause of action . . . ." *Hydro-Mill*, 115 Cal. App. 4th at 1153. "Where the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the . . . [three-year] limitations period, governing fraud even though the cause of action is designated by the plaintiff as a claim for breach of fiduciary duty." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 607 (2011) (internal quotations omitted). This order finds that the gravamen of the breach of fiduciary duty claim is the purported fraudulent misrepresentations made regarding the transactions. Accordingly, this order applies the three-year statute of limitations for fraud to the breach of fiduciary duty claim.

**B.     Timeliness of Claims.**

Defendants argue that the statute of limitations bars all of plaintiffs' claims. Plaintiffs argue that the statute of limitations did not run because Attorney James is a fiduciary and thus actual knowledge is required. Plaintiffs also argue that the statute of limitations was tolled by defendants' reassurances and that plaintiffs did not suspect the fraud until 2011.

Plaintiffs contend that defendants' reassurances lulled them into failing to take action sooner. Plaintiffs allege that after the insurance policies did not pay out, Attorney James reassured plaintiffs that everything was fine and that the contracts would pay off in due time. Plaintiffs also allege that when they requested information about the medical statuses of the viators, Lifeline had falsely told plaintiffs that the law prevented it from providing this information. Plaintiffs further allege that they did not suspect the fraud until 2011 when Lifeline requested that premium payments be made directly to it instead of sending the payments to a third party escrow company as plaintiffs had done before. Plaintiffs worried that the premiums were going to be used for Lifeline's personal benefit (First Amd. Compl. ¶¶ 59, 60, 66, 73).

This order finds that the facts are too unclear to support a statute of limitations challenge at this stage in the litigation. Plaintiffs have stated a plausible claim that the statute of limitations should be tolled. It is better to assess the statute of limitations challenge when the facts are more

8

clearly known. Defendants may reassert this argument at summary judgment. Accordingly, the statute of limitations challenge is **DENIED WITHOUT PREJUDICE**.

### 5. PUNITIVE DAMAGES.

Defendants contend that plaintiffs' request for punitive damages is inadequately pled. This order disagrees. Defendants contend that plaintiffs have not met the pleading standard mandated by California Civil Code Section 3294. In federal court, while Section 3294 governs the substantive standard to obtain punitive damages for state law claims, the Federal Rules of Civil Procedure governs the pleading standard. A plaintiff's short and plain request for punitive damages that is supported by plausible allegations is therefore sufficient. Accordingly, defendants' motion to strike plaintiffs' prayer for punitive damages is **DENIED**.

## CONCLUSION

For the reasons mentioned above, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. This order also notes that plaintiffs' counsel has delayed the presentation of this motion. The pleading stage needs to come to a close and thus no re-pleading shall be permitted. The hearing scheduled for December 20, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9