United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. BERTITA TRABERT GRAEBNER, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust, TALLIE R. TRABERT, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust, T. VERNON TRABERT, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust,

    Plaintiffs,

  v.

MICHAEL E. JAMES, an individual, MNM PROPERTIES, LLC, a foreign limited liability company, WM. PAGE & ASSOCIATES, INC., a foreign corporation, WILLIAM SCOTT PAGE, an individual, and DOES 1–50, inclusive,

    Defendants.
    /

No. C 12-01694 WHA

**ORDER RE PROCEEDINGS ON DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT BY MICHAEL E. JAMES**

    In this investment fraud action, plaintiffs move for default judgment against defendants. Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to a district court for default judgment against a defendant who fails to plead or otherwise defend himself. Seven factors are considered in deciding whether to grant the plaintiff's motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In the Court's view, plaintiffs are trying to get a bonanza from the fact that defendants have failed to defend themselves in this action. Substantial questions exist as to whether plaintiffs are entitled to anything by reason of the macabre nature of viatical contracts in the first place — namely, that plaintiffs' grievances comes down to the fact that the AIDS victims lived longer than expected and did not die on time such that plaintiffs had to make premium payments to keep the insurance policies in force longer than expected. Accordingly, the Court feels that it is essential to hear the actual testimony of plaintiffs and to assess what their reasonable expectations were regarding the life expectancies, the risks associated with the viatical contracts at issue, as well as any false representations made to them that might have led them to reasonably believe that death was imminent. An evidentiary hearing will be held at **8 AM ON OCTOBER 16.** All three plaintiffs must attend and testify at this hearing. Please bring all documents and other witnesses in support of damages and liability to the hearing.

Additionally, the recent filing by defendants Michael E. James and MNM Properties, LLC is not a proper motion to set aside the default. Defendant James shall be allowed until **NOON ON SEPTEMBER 20** to file a proper motion to set aside the default. The motion should include detailed evidence as to why he could not afford an attorney to defend the action and why he is incapable to defend himself. The Court is aware that Mr. James himself is a lawyer and presumes that he has income or assets sufficient to retain counsel. If this is untrue, Mr. James should explain in detail and under oath why he cannot hire counsel. If the motion to set aside the default is filed by said date, plaintiffs may file an opposition brief by **NOON ON SEPTEMBER 27**, and the motion will be heard **at 8 AM ON OCTOBER 16.** If the motion is granted, then there will be no need for the evidentiary hearing to "prove up" plaintiffs' requested damages. On the other hand, if the motion is denied, we will proceed with the evidentiary hearing.

**IT IS SO ORDERED.**

Dated: September 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2