United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. BERTITA TRABERT GRAEBNER, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust, TALLIE R. TRABERT, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust, T. VERNON TRABERT, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust, <br><br>             Plaintiffs, <br><br>   v. <br><br> WM. PAGE & ASSOCIATES, INC., a foreign corporation, WILLIAM SCOTT PAGE, an individual, and DOES 1–50, inclusive, <br><br>             Defendants. | No. C 12-01694 WHA <br><br> **ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT** |

## INTRODUCTION

In this action involving alleged fraud in the sale of viatical life settlement contracts, plaintiffs seek leave to amend their complaint after the case has come back on remand. For the reasons stated below, plaintiffs' motion is **DENIED**.

## STATEMENT

The facts of this case have been detailed in previous orders (*see* Dkt. No. 77). Plaintiffs are the adult children and co-trustees of a family trust. In 2002, acting in their capacity as trustees of the El Nora Trust or as advisors to Trabert Partners, plaintiffs purchased three so-called "viatical life settlement contracts." A viatical contract is an agreement whereby an individual (the viator) sells his or her life insurance policy to a third party at a discount in exchange for

immediate cash. "The third party investor becomes the beneficiary of the policy[] and is thereby entitled to a death benefit equal to the face value of the policy upon the viator's demise, if the policy is valid and kept in force" (Compl. at ¶ 28).

On behalf of plaintiffs, Attorney Michael James made arrangements with defendant Wm. Page & Associates, doing business as Lifeline. Plaintiffs purchased three viatical contracts from Lifeline in 2002. Plaintiffs allege that Lifeline and Attorney James made numerous misrepresentations upon which plaintiffs relied in deciding to purchase the viatical contracts. The gravamen of the allegations is that defendants misrepresented the risks of the viatical contracts, provided inaccurate life expectancy estimates, and failed to disclose that plaintiffs might be required to pay expensive premiums to keep the contracts current.

To put it more bluntly, this was (and remains) an industry seeking to profit from the misfortune of AIDS by allowing AIDS victims to obtain badly needed cash by selling (at a discount) their benefits under life insurance policies to "investors" expecting the victims to die on time, all arranged via brokers like defendants here. The problem here arose when the AIDS victims managed to live longer than expected (due to breakthroughs in medicine), leading to the need for the investors to continue premium payments longer than expected and in turn leading them to claim they were misled.

In 2013, after fact discovery had closed, an order granted defendants' motion for summary judgment, finding that the statute of limitations had run and plaintiffs had been on notice of the alleged fraud. Our court of appeals reversed. Now, after the case has come back on remand, plaintiffs seek leave to add new factual allegations to their complaint. Plaintiffs do not seek to add any new claims or parties. This order follows full briefing and oral argument.

**ANALYSIS**

Under Rule 16(b), a plaintiff moving to amend a pleading after the date established by a pretrial scheduling order must show good cause for the delay. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Rule 16(b)'s 'good cause'

2

standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiffs seek to add the following allegations to their complaint: (1) that defendants had received reports showing longer life expectancies and did not disclose these to plaintiffs; (2) defendants knew or should have known that 90% of the policies it had purchased since 1999 had failed to mature before the life expectancy provided to the purchaser; (3) defendants knew or should have known that the life-expectancy report from Union Bankers was unreliable; (4) defendants knew or should have known that the Aetna policy had an anti-assignment provision but represented that plaintiffs were not at risk of losing their principal; (5) defendants failed to disclose other risks regarding the Aetna policy; (6) defendants failed to inform Aetna that plaintiffs should have been designated as beneficiaries; (7) defendants failed to disclose the risk that premiums owed on the Union Bankers policy would exceed the amount invested; (8) defendants failed to disclose that their life-expectancy provider historically underestimated life expectancies; (9) that viatical settlement contracts are securities under Illinois and Tennessee law; and (10) that Michael James has been dismissed as a defendant and that the false promise and fiduciary duty claims have been dismissed.

As an initial matter, plaintiffs' motion cites to the incorrect legal standard. Plaintiffs' briefing repeatedly refers to Rule 15's liberal standard for amendment of pleadings. That liberal standard, however, only applies when amendment is sought before the deadline set by the case management order. Here, the initial case management order set August 31, 2012, as the last date to amend the pleadings. It also set the non-expert discovery cutoff for April 30, 2013. A subsequent order continued the discovery cutoff to May 13, 2013, and the original summary judgment order issued in July 2013. Furthermore, as plaintiffs had already amended their complaint several times, a December 2012 order stated (Dkt. No. 41 at 9): "The pleading stage needs to come to a close and thus no re-pleading shall be permitted." Plaintiffs now seek to add allegations after the original deadline, after fact discovery has already closed, and thus must show good cause under Rule 16.

3

Here, plaintiffs have failed to demonstrate good cause for their late amendment. Plaintiffs assert that they only learned of these new facts after discovery had closed and while the case was on appeal. They do not, however, provide any convincing reasons why they could not have obtained the information sooner. Furthermore, the December 2012 order put plaintiffs on notice that no more pleading amendments would be permitted.

As to the first two sets of new allegations, plaintiffs state that they learned of the facts from a report from the Florida Office of Insurance Regulation, which plaintiffs obtained after discovery had closed. There is no reason, however, why this report could not have been obtained during discovery. Plaintiffs state that defendants initially refused to provide the report, and thus plaintiffs obtained it through a public records request. If defendants were sandbagging, then plaintiffs should have filed a discovery motion long ago. Moreover, there is no reason why plaintiffs could not have put their public records request in motion sooner.

Plaintiffs assert they learned of the third set of new allegations in May 2013 (before discovery had closed) but blame defendants for not authenticating a document during discovery. Once again, plaintiffs should have filed a discovery motion then, or within a week of the close of discovery pursuant to Civil Local Rule 37–3.

As to the fourth, fifth, sixth, and seventh sets of new allegations, plaintiffs assert that they received the information in May and June 2013, through documents received from Aetna and Union Bankers in response to subpoenas issued in February 2013. Essentially, plaintiffs blame Aetna and Union Bankers for being slow in responding to these subpoenas. Plaintiffs could have and should have moved to compel these third parties to produce these documents sooner and should have filed such motions before the close of discovery.

As to the eighth set of new allegations, plaintiffs assert that the information was contained within a large batch of documents produced before a deposition in May 2013. Thus, plaintiffs did not become aware of the new facts until after the close of discovery. Once again, if plaintiffs had an issue with a voluminous document production, they should have filed a motion then. It appears plaintiffs simply did not review these documents fast enough and are trying to seek recourse for that mistake now.

4

Lastly, as to the ninth and tenth sets of new allegations, plaintiffs concede they would not "warrant this motion in the absence of the other proposed amendments" (Mot. at 7). As this order finds that plaintiffs have not shown good cause for the other proposed amendments, leave to add the ninth and tenth sets of allegations shall be denied as well.

Plaintiffs central argument in support of their motion is that defendants had knowledge of the new facts alleged, had the documents in their possession, and did not produce them to plaintiffs. That may be true. There is, however, a system in place to address these sorts of disputes while discovery is ongoing. Although plaintiffs now accuse defendants of playing discovery games, plaintiffs concede they knew of these issues in May and June of 2013 (while discovery was still open or shortly after it closed). Yet, plaintiffs raise this issue now for the first time. It is simply too late to allow amendments to the pleadings.

This order notes that plaintiffs do not seek to add any new claims — only new factual allegations to their pleading. Thus, this order is without prejudice to the likelihood that some or all of the evidence supporting these new allegations, which are likely subsumed within the operative pleading, may be admissible at trial in support of plaintiffs' existing claims, subject to the Federal Rules of Evidence and compliance with Rule 26.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend their complaint is **DENIED**. Defendants have also raised several evidentiary objections to the declaration of Melinda Steuer. As this order did not place any weight on the evidence objected to, defendants' objections are **DENIED AS MOOT**. A case management order will issue separately.

**IT IS SO ORDERED.**

Dated: February 11, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5